UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN WHITAKER,

                Plaintiff,

                                    Case No. 2:13-cv-14210

vs.                                    HON. GERSHWIN A. DRAIN

HATCH STAMPING,

                Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS [#8] AND CANCELLING HEARING

### I.      INTRODUCTION

Before the Court is a Motion to Dismiss [#8] filed by the Defendant, Hatch Stamping ("Defendant"). The matter is fully briefed and the Court finds that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the present motion on the briefs submitted. *See* E.D.Mich. LR 7.1(f)(2) ("The court will hold a hearing on all other motions unless the [court] orders submission and determination without hearing."). For the following reasons, the Court DENIES Defendant's Motion to Dismiss.

### II.     BACKGROUND

In his Complaint, the plaintiff, Sean Whitaker ("Plaintiff"), alleges the following: He has worked for Defendant since November 9, 2009 as a Die Setter, which involves heavy physical labor. In August 2010, Plaintiff suffered a lateral plateau fracture of his left knee in a motorcycle accident. He took disability leave, for which he was paid short-term disability for ten weeks. Plaintiff took five additional days off from June 23, 2011 to September 16, 2011, each day being covered by a medical certificate from his physician. On October 10, 2011, Plaintiff experienced

increased pain in his knee but could not get an appointment with his doctor until the next day. He called Defendant to explain that he needed to take the 10th off (due to pain) as well as the 11th (for his appointment).  Plaintiff saw his doctor on October 11, 2011, and received a medical certificate.  After returning from his appointment, Plaintiff received a call from Defendant's Human Resources department informing him that he was terminated for excessive absenteeism.

On October 2, 2013, Plaintiff filed this action [#1] under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*  Generally, he alleges that Defendant violated his FMLA rights by (1) failing to offer him FMLA leave; (2) failing to offer him intermittent FMLA leave; (3) terminating his employment on October 11, 2011; and (4) otherwise discriminating against him and interfering with his FMLA entitlements in ways yet to be discovered. Specifically, Plaintiff alleges that Defendant has a FMLA policy, yet has never offered him FMLA leave or designated any of his absences as FMLA leave.  He also alleges that Defendant terminated him for excessive absenteeism despite employing a point system for absenteeism, under which he did not have enough absences to be terminated.  Finally, Plaintiff alleges that he did not have the opportunity to give Defendant his medical certificate before termination.

On October 3, 2013—the day after Plaintiff filed his Complaint—a Summons was issued [#2].  On February 7, 2014, after more than four months of inactivity, the Court issued a show-cause order for failure to prosecute [#3].  Plaintiff responded on February 12, 2014, moving to extend time for service [#4]; Plaintiff could not explain what happened to the original Summons but also did not allege any inappropriate conduct by Defendant.  The Court granted the motion in a standard order on February 13, 2014, issuing a replacement Summons and ordering Plaintiff to effect service within ten days [#5].

On February 17, 2014, Wendell Crites of the Jackson County Sheriff's Department served documents on Dan Craig, who is Defendant's registered agent. Plaintiff contends that the documents included the Summons and a copy of the Complaint, as supported by Mr. Crites's signed Declaration of Service [#11-2]. Defendant, however, contends that the documents only included a copy of the Complaint, as supported by Mr. Craig's affidavit to that effect [#8-6].

On March 7, 2014, Defendant filed the instant Motion to Dismiss [#8]. On May 28, 2014, Plaintiff filed his Response to the Motion to Dismiss [#11].

Defendant moves to dismiss Plaintiff's Complaint for three reasons: (1) failure to state a claim upon which relief may be granted (Rule 12(b)(6)) because Plaintiff failed to serve the Summons on Defendant before the statute of limitations expired, (2) insufficient service of process (Rules 12(b)(4) and (5)) because Plaintiff has never served the Summons on Defendant, and (3) lack of personal jurisdiction over Defendant (Rule 12(b)(2)) due to failed service of process.

## III.    LAW & ANALYSIS

### A.  Failure to State a Claim Upon Which Relief Can Be Granted (Rule 12(b)(6))

Specifically, Defendant argues that dismissal is proper because (1) Defendant has never received a summons; (2) another extension would be futile because the statute of limitations expired after Plaintiff failed to serve the replacement Summons; and (3) even if Plaintiff had properly served the replacement Summons, that extension was requested and granted after the statute of limitations expired.

#### 1.  *Standard of Review*

Under Federal Rule of Civil Procedure 12(b)(6), a court must assess whether the plaintiff has stated a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). Dismissal under

Rule 12(b)(6) is proper when the applicable statute of limitations bars the claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

To properly state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). Even though the complaint need not contain detailed factual allegations, allegations must be "enough to raise a right to relief above the speculative level." *Id.* Mere "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "bare assertions" are insufficient. *Id.* at 555-56.

When reviewing the complaint, a court must accept as true all allegations other than legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Properly pled allegations must "state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant has acted unlawfully does not satisfy the plausibility standard. *Id.*

## 2. *Analysis*

An evidentiary hearing would have aided the Court in determining whether Defendant received the Complaint alone or with a Summons. However, such a finding would not have been dispositive of this motion for the following two reasons:  (1) An extension of time for service retroactively tolls the applicable statute of limitations from the end of the 4(m) period; and (2) the Court finds that Plaintiff properly pleaded a willful violation of the FMLA, thereby entitling him to a three-year statute of limitations. Accordingly, the Court denies Defendant's Motion to

Dismiss.  The Court also issues a replacement Summons and orders Plaintiff to effect proper service within ten days after entry of this order.  In conducting the following analysis, the Court assumes, without deciding, that Defendant received only the Complaint on February 17, 2014.

Concerning Defendant's argument that Plaintiff cannot legally serve a summons that was extended *after* the statute of limitations expired, the Court first acknowledges Defendant's argument that failure to receive a summons within the two-year statute of limitations prejudices its rights under the FMLA.  *See* 29 U.S.C. § 2617(c)(1).  It is well-settled that even though the core purpose of service is notice, *Henderson v. United States*, 517 U.S. 654, 672 (1996), service of a summons is the vehicle by which a court obtains authority over the defendant, *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).  Therefore, a defendant who does not receive a summons within the applicable statute of limitations can no longer be subject to legal liability.

However, based on the underlying purpose of a court's discretion to extend time for service, any such extension retroactively tolls the statute of limitations from the end of the 4(m) period.  The Court notes the uncommon circumstances of this case—plaintiff files a complaint, then fails to effectuate service before the Rule 4(m) deadline, then receives an extension after the restarted statute of limitations expired, but then fails to serve again.  This begs the question: What effect does an extension of time for service have on a statute of limitations?  There is a split among the few courts that have encountered these unique circumstances:  Some courts have held that the statute of limitations, which starts running again after the 4(m) deadline, expires unconditionally if an extension is not obtained in time, and other courts have held that an extension granted after the statute-of-limitations period retroactively tolls the statute of limitations from the end of the 4(m) period.  *Compare Amnay v. Del Labs*, 117 F. Supp. 2d 283,

287 (E.D.N.Y. 2000) (denying plaintiff's request for extension as "futile" because the statute of limitations resumed running after the 4(m) deadline and expired by the time of the request)[1] *with Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987) (holding that even though the plaintiff failed to serve within 120 days of filing the complaint and the statute of limitations would prevent her from bringing a new action, a newly issued replacement summons would satisfy the statute of limitations "because plaintiff filed her complaint within the limitations period").  The Court believes that the latter position—that an extension of time for service retroactively tolls a statute of limitations under Rule 4(m)—is correct for two reasons:  (1) The governing body charged with overseeing the Rules of Civil Procedure expressly stated that courts have the discretion to extend time for service in cases that would otherwise be barred by the statute of limitations, and also cited *Ditkof* as an example;[2] and (2) the historical progression of Rule 4(m) indicates that any prejudice to the defendant must yield to competing prejudice to the plaintiff.

---

[1] A second case that Defendant cites in support of this position—*Frasca v. United States*, 921 F.2d 450 (2d Cir. 1990)—is not helpful for two reasons.  First, *Frasca* did not involve an extension of time for service, rather it involved service of the original complaint after the 120-day deadline.  *Id.* at 451.  The Court completely agrees that in a typical case like that, the claim should be dismissed for failure to serve within 120 days of the complaint, and the plaintiff should re-file its claim before the statute of limitations expires.  Second, *Frasca* involved the previous version of Rule 4(m)—Rule 4(j)—which allows a court to extend time for service only for good cause.  *Id.*  Rule 4(m), on the other hand, allows a court to grant an extension regardless of good cause.  FED. R. CIV. P. 4(m).

[2] *Ditkof* could be understood as holding either, (1) at the very least, that such an extension of time only retroactively tolls the statute of limitations from the expiry of the 4(m) period (which independently tolls from the time of the complaint); or, (2) at most, that an extension of time for service simply relates back to the time of the complaint, thereby focusing solely on whether the complaint was filed within the statute of limitations.  However, the two alternatives differ, if at all, in degree, not in kind.  In the instant case, the Court does not need to determine the exact effect because the outcome would be the same:  Plaintiff may legally re-serve an extended summons that was granted after the statute of limitations expired.

The governing body charged with drafting the Federal Rules of Civil Procedure expressly stated that federal courts have the discretion to extend time for service when the applicable statute of limitations has already expired.  In its Brief in Support of Defendant's Motion to Dismiss [#8], Defendant argues that "Plaintiff's filing of the Ex Parte Motion to Extend Summons and the Court's granting of the motion were too late since the statute of limitations had already expired."  Dkt 8, at 8.  However, the Advisory Committee on Rules of Civil Procedure[3] stated in the notes accompanying Rule 4(m):

> [Subdivision (m)] explicitly . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. . . .   Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . .  *E.g.*, *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987).

FED. R. CIV. P. 4(m) advisory committee's notes—1993 amendments.  *See also Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) ("[W]here the court is simply exercising its judgment about whether to relieve a party from an unexcused (i.e. no good cause) failure to comply with the rules[,] . . . [it is] permitted to take factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service into account . . . .").  Not only does this note specify one of the textbook reasons for a court to exercise its discretion—to save a plaintiff from a time-barred claim—but it also explains, impliedly, that an extension based on such a reason would only be requested, like in the instant case, *after* the

---

[3] The Judicial Conference of the United States was created to add or amend rules of practice and procedure so as "to promote simplicity in procedure, fairness in administration, the just determination of litigation, and the elimination of unjustifiable expense and delay . . . ."  28 U.S.C. § 331.  The Judicial Conference, in turn, created the Advisory Committee on Rules of Civil Procedure.  *Advisory Committee on Rules of Civil Procedure*, USCOURTS.GOV, http://www.uscourts.gov/RulesAndPolicies/rules/archives/advisory-committee-reports/advisory-committee-rules-civil-procedure.aspx (last visited June 25, 2014).  The Judicial Conference must submit any recommended additions or amendments to the Supreme Court of the United States for approval.  28 U.S.C. § 331.

statute of limitations has expired:  A plaintiff would only request an extension to save an otherwise time-barred claim if the claim is already barred were the plaintiff to immediately re-file instead of requesting an extension.  Likewise, a court would only grant an extension for an otherwise time-barred claim if the claim is already barred at the time of the request; a court would not need to grant an extension due to a time-barred claim if the request was made *before* the statute of limitations had yet to expire.  This inference is supported by the absence of any timeframe required for an extension; neither the Rule nor the Advisory Committee's notes require a court to grant an extension "only if the request is made before the end of the limitations period" or "only if the court grants the extension before the end of the limitations period." Therefore, the statute of limitations *must* retroactively toll, if not completely relate back to the complaint, for an extension to save an already time-barred claim.

The Advisory Committee also specifically cited *Ditkof* as an example of when a court can extend time for service due to a time-barred claim.  In *Ditkof*, the plaintiff filed a claim in state court and believed that the summons was properly served.  *Ditkof*, 114 F.R.D. at 105.  About a month later, the defendant removed the action to federal court.  *Id.*  During the next two years, the defendant was also properly served with court documents.  *Id.*  Only two years after the complaint (i.e. after the statute of limitations had expired) did the defendant seek dismissal for insufficient service of process.  *Id.*  The court held that a newly issued replacement summons would nevertheless satisfy the statute of limitations because the plaintiff had filed her complaint within the statute of limitations.  *Id.*  The court reasoned that the removal and the ongoing service of court documents "lulled plaintiff into believing that service had been accomplished." *Id.*  The instant case presents different facts but the same basic scenario:  Plaintiff filed his Complaint within the statute of limitations.  Then, after the statute of limitations restarted and

subsequently expired, Plaintiff requested an extension of time for service that he thought had been completed. Therefore, even though the Court did not state any reasons when granting the extension (because Rule 4(m) has no such requirement), the first replacement Summons, had it been properly served, would have satisfied the two-year statute of limitations because the extension would have retroactively tolled the statute of limitations from the time of extension back to the 4(m) deadline, if not all the way back to the time of the Complaint. For the same reasons, the replacement Summons that the Court issues today also retroactively tolls the statute of limitations back to at least the 4(m) deadline.

Even if Defendant argues that *Ditkof* does not apply because it did not do anything to "lull" Plaintiff into believing that service was effective, the underlying principle of *Ditkof* is also found in a case from the Western District of Tennessee that has facts nearly identical to the instant case. In *Greer v. Madison County, Tennessee*, the plaintiff mailed her summons with return receipt requested. *Greer v. Madison Cnty., Tennessee*, No. 02-2262 V, 2003 WL 21946685, at *1 (W.D. Tenn. June 5, 2003). The return receipt was signed by an unknown individual, and the defendant first responded, after the statute of limitations had expired, in the form of a motion to dismiss for insufficient service of process. *Id.* The court held that an extension of time for service was proper. *Id.* at *3. The court reasoned that "the harsh sanction of dismissal is unwarranted" because the defendant received actual notice, just not proper service, as evidenced by the defendant not claiming ignorance of the lawsuit; and the first notice that the plaintiff received of any problem with service was the pending motion to dismiss. *Id.* at *2-3. In the instant case, as discussed, Plaintiff was unaware of any ineffective service until Defendant filed its motion to dismiss. Furthermore, Defendant only claims insufficient service of process, not lack of actual notice. Therefore, under the common principle of *Ditkof* and

9

*Greer*, both the first replacement Summons (had it been properly served) and today's replacement Summons retroactively toll the statute of limitations back to the 4(m) deadline.

Moreover, the historical progression of Rule 4(m) indicates that any prejudice to the defendant must yield to any competing prejudice to the plaintiff. The previous version of the rule—the old Rule 4(j)—stated,

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required **cannot show good cause** why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice . . . .

Federal Rules of Civil Procedure Amendments Act of 1982, Pub. L. No. 97–462, 96 Stat. 2527 (1983) (emphasis added). However, the current rule states,

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. **But if the plaintiff shows good cause** for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m) (emphasis added). Any requirement of "good cause" for failing to serve a defendant in time would necessarily be solely for the defendant's benefit. Yet while the previous version made it clear that a court could only grant an extension when the movant could offer good cause for such failure, the current version allows a court to grant an extension even in the absence of good cause. As a court noted on this very issue, "[Rule 4(j)] no longer exists. The current Fed.R.Civ.P. 4(m) permits the court to extend the time for service as an alternative to dismissal of an action without prejudice. No requirement for a showing of good cause now limits the court's discretion." *Campbell v. Angela Hospice Home Health Care, Inc.*, No. 06-CV-15513, 2007 WL 4571456, at *5 (E.D. Mich. Dec. 27, 2007). Therefore, the Supreme Court[4]

---

[4] *See supra* note 3.

now allows courts to protect plaintiffs' rights over defendants' rights, at least with respect to time-barred claims. Accordingly, it is less likely that a statute of limitations could expire unconditionally before the plaintiff obtains an extension of time for service, which would favor defendants' rights, and more likely that such an extension would retroactively toll the statute of limitations to preserve plaintiffs' claims. Therefore, both the first replacement Summons (had it been properly served) and today's replacement Summons retroactively toll the statute of limitations back to the 4(m) deadline.

Defendant does not allege, and the Court does not find, that Plaintiff otherwise acted in bad faith or with a lack of diligence, which might have weighed against reissuing a summons. Although good cause is not required for granting an extension, and bad faith or lack of due diligence is not required for denying an extension, there are no facts that suggest any impropriety or lack of due diligence on Plaintiff's part. Like the plaintiffs in *Ditkof* and *Greer* who only learned of defective service after the statute of limitations had expired, Plaintiff received no prior indication that the service on February 17, 2014, was insufficient: He contends that he enlisted the services of a reputable, experienced entity (the Jackson County Sheriff's Department) and later received a sworn return of service. Also, there was no long lapse of time during which Plaintiff should have suspected insufficient process: Defendant filed its motion to dismiss only 18 days after "service" (i.e. March 7, 2014), which is well within the 21 days for a first response under Rule 12. *See* FED. R. CIV. P. 12(a)-(b). Therefore, the Court grants Plaintiff ten days to re-serve his Summons, which, under the principle of *Ditkof* and *Greer*, retroactively tolls the statute of limitations to at least February 17, 2014 (i.e. when Plaintiff "served" the first extended Summons), if not to January 31, 2014 (i.e. the end of the 4(m) period) or even October 3, 2013 (i.e. when the original Summons was issued).

Notwithstanding retroactive tolling, the Court further finds that Plaintiff has properly pleaded a willful violation of the FMLA, thereby entitling him to a three-year statute of limitations. *See* 29 U.S.C. § 2617(c)(2).  In Plaintiff's Response to Motion to Dismiss [#11], he argued, albeit in a footnote, that he is entitled to a three-year statute of limitations because he pleaded a willful violation.  Dkt 11, at 3 n.3.  For the following reasons, the Court agrees, thereby concluding that the Defendant will receive a timely summons, provided that Plaintiff serves within ten days.

Concededly, Plaintiff's Complaint, at first glance, merely refers to willfulness through a single conclusory statement that does not satisfy the *Twombly* standard.  Plaintiff only explicitly refers to willfulness once in his Complaint, stating that "Defendant's FMLA violations were intentional and malicious, and executed without any reasonable good faith belief that its actions were lawful, thus entitling plaintiff to liquidated damages," Dkt 1, at para. 25—clearly a bare legal conclusion.

However, when taken as a whole, Plaintiff's Complaint alleges that Defendant acted willfully by failing to invoke FMLA for his time off despite having such a policy.  A court must liberally construe pleadings so as to do justice, FED. R. CIV. P. 8(e), thereby preventing drafting errors from barring justice to litigants. *Carter v. Ford Motor Co.*, 561 F.3d 562, 566 (6th Cir. 2009).  To this end, it may examine the plaintiff's allegations to determine the substance, as opposed to the form, of the complaint. *Lawrence v. Welch*, 531 F.3d 364, 370 (6th Cir. 2008). In the instant case, the FMLA does not define the term "willful."  However, the Sixth Circuit has held that a willful violation of the FMLA occurs when "[a]n employer . . . acts with knowledge that its conduct is prohibited by the FMLA or with reckless disregard of the FMLA's requirements." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004).  At the other end of the

spectrum, courts have held that conduct of an employer that has general knowledge of the FMLA's potential applicability cannot constitute a willful violation.  *Woida v. Genesys Reg'l Med. Ctr.*, No. 12-12978, 2014 WL 1017099, at *9 (E.D. Mich. Mar. 18, 2014); *Hanger v. Lake Cnty.*, 390 F.3d 579, 583-84 (8th Cir. 2004).  The instant case involves something more than general awareness of the FMLA—Plaintiff alleges that Defendant chose not to offer or designate FMLA leave despite having a FMLA policy.  In the Court's opinion, this satisfies the plausibility standard of *Iqbal* because a court could reasonably infer that a defendant-employer that has a FMLA policy but does not follow it for a FMLA-eligible injury[5] has acted with knowledge that its conduct is prohibited.  The Complaint further rises beyond the realm of mere possibility because Plaintiff also alleges that Defendant terminated him for absenteeism without following company absenteeism policy, Dkt 1, at paras. 11-12, from which a court could infer that absenteeism was a pretext for refusing to invoke FMLA protections.  Therefore, Plaintiff has properly alleged a willful violation and is entitled to the appropriate three-year statute of limitations.

### B. Insufficient Process (Rule 12(b)(4)) and Insufficient Service of Process (Rule 12(b)(5))

#### 1. *Standard of Review*

Although insufficient process and insufficient service of process are closely related,

> [a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service.  Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically

---

[5] Under the FMLA, an employee is entitled to leave for, inter alia, "a serious health condition that makes [him] unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D), *held unconstitutional on other grounds*.  Accepting all allegations as true, *Iqbal*, 556 U.S. at 678, Plaintiff has alleged such a FMLA-eligible injury because (1) his job as a Level 1 Die Setter requires him to perform heavy labor; and (2) he suffered a lateral plateau fracture in his left knee, which caused pain, Dkt 1, at paras. 5, 7-8.

> with the content of the summons.  A Rule 12(b)(5) motion is the proper vehicle
> for challenging the mode of delivery or the lack of delivery of the summons and
> complaint.

5B ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed.

2014).

Accordingly, to constitute sufficient process, a summons must (1) name the court and

parties, (2) be directed to the defendant, (3) state the name and address of either the plaintiff's

attorney or unrepresented plaintiff, (4) state the time within which the defendant must appear and

defend, (5) notify the defendant of the possible consequence of default judgment, and (6) be

signed and sealed by the clerk.  FED. R. CIV. P. 4(a)(1).

To constitute sufficient service of process, a summons must be served, along with a copy

of the complaint, by either a non-party who is at least 18 years old or a marshal or specially

appointed person.  FED. R. CIV. P. 4(c).  Absent an extension of time for service, such service

must occur within 120 days after the summons is issued.  FED. R. CIV. P. 4(m).  If the defendant

is a corporation or a partnership or other unincorporated association, the summons may be

delivered to an officer, a managing or general agent, or any other agent authorized by

appointment or by law to receive service of process . FED. R. CIV. P. 4(h)(1)(B).

**2.  *Analysis***

Having issued a replacement Summons, the Court rejects as moot Defendant's second

argument that Plaintiff has never properly served a summons.  Plaintiff has ten days in which to

effect service.

14

### C. Lack of Personal Jurisdiction (Rule 12(b)(2))

#### 1. *Standard of Review*

To be subject to the jurisdiction of a court in the forum state, the defendant must have minimum contacts with that state such that a suit against him there "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Accordingly, a challenge of lack of personal jurisdiction under Rule 12(b)(2) must be based on insufficient contact with the forum state, not on grounds that would support a different Rule 12(b) challenge. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) (holding that a properly raised insufficient-service-of-process defense does not also preserve a lack-of-personal-jurisdiction defense because the two are separate and different); *Roque v. United States*, 857 F.2d 20, 22 (1st Cir. 1988) ("If the true objection is insufficient service of process, we do not think it is too much to require a litigant to plainly say so[, instead of] couch[ing] its true objection . . . in the garb of formalistic incantations of lack of personal jurisdiction . . . ."); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360-61 (11th Cir. 2008) ("Rule 12(b)(5) would be redundant if we recognized an objection to personal jurisdiction as an acceptable means of challenging the sufficiency of service of process.").

The party that petitions the court to assert personal jurisdiction over another party has the burden of proving that such jurisdiction exists. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996). The petitioning party need only establish prima facie jurisdiction. *Id.* at 1262. A party establishes prima facie personal jurisdiction if he alleges sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction in that state. *McCuiston v. Hoffa*, 313 F. Supp. 2d 710, 715 n.4 (E.D. Mich. 2004); *In re Terrorist Attacks on*

*Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013); *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). When a court decides a jurisdictional issue without conducting an evidentiary hearing, it must consider all pleadings and affidavits in the light most favorable to the plaintiff. *CompuServe*, 89 F.3d at 1262.

   **2.** *Analysis*

   The Court rejects Defendant's third argument that the Court lacks personal jurisdiction over it because this challenge is predicated on alleged insufficient service of process.  In its Motion to Dismiss [#8], Defendant alleges a lack of personal jurisdiction because "[p]roper service of process is essential to the existence of in personam jurisdiction over a defendant" and "Defendant has never been served with the Summons," Dkt 8, at 5-6; Defendant has never alleged that it lacks the minimum contacts with the State of Michigan as required by *International Shoe*.[6]  Because Defendant's challenge of lack of personal jurisdiction is essentially a disguised challenge of insufficient service of process, the Court finds this argument duplicative of Defendant's first and second arguments.

---

[6] Even if Defendant had alleged insufficient minimum contacts, it would not be successful because Plaintiff properly pleaded in the Complaint that "defendant has its principal place of business in this judicial district . . . and the violations alleged were committed within this judicial district." Dkt 1, at para. 2.  From these allegations, a court could reasonably infer that Defendant conducts activities with persons and businesses from the State of Michigan, which would establish minimum contacts here.

**IV.      CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss [#8] is DENIED.  The Court reissues a replacement Summons, which is to be served on Defendant within ten days.

SO ORDERED.

Date:  August 5, 2014                        /s/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             UNITED STATES DISTRICT COURT JUDGE

17